# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CYRUS RANDY WHITSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2696-JDT-cgc |
| | ) | |
| DONNA CHISHOLM, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON THE REMAINING DEFENDANTS

On September 19, 2014, Plaintiff Cyrus Randy Whitson, Tennessee Department of Correction ("TDOC") prisoner number 237655, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a copy of his trust fund account statement. (ECF Nos. 1 & 2.) After Plaintiff submitted the required documents (ECF No. 5), the Court issued an order on October 16, 2014, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as Donna Chisholm, a Nurse Practitioner; former WTSP Warden Jerry Lester; Deputy Warden Stanley Dickerson; Inmate Relations Coordinator William Pugh; TDOC Commissioner Derrick Schofield; and Dr. Larry Anthony.

The complaint alleges that, at 8:20 a.m. on October 30, 2013, Plaintiff was assaulted by another inmate. Plaintiff contends that he "was shoved down and [his] leg poped [sic]." (ECF No. 1 at 4.) A Code 1 was called and staff members responded. Plaintiff's leg had become badly swollen in the five minutes after the injury had been sustained. Plaintiff told members of the TDOC Security Team and Defendant Pugh that he had a broken leg. Pugh allegedly stated that the leg could not be broken because Plaintiff was walking on it. Pugh required Plaintiff to walk one hundred to two hundred yards, while pushing a buggy containing his property, to the medical department. (*Id.*)

At the medical unit, Plaintiff "begged and pleaed [sic] for them to x-ray [his] leg and give [him] pain medication." (*Id.*) The nurse refused to order an x-ray. Instead, she took pictures of Plaintiff's leg, wrapped it, gave him a pair of crutches and sent him to a holding cell. (*Id.*) That nurse apparently was Defendant Chisholm. (*Id.*) Plaintiff spoke to Defendant Dickerson, as well as to Captain Mooney, who is not a party to this action, and also to unidentified Internal Affairs officers, begging and pleading for them to do something because he had a broken leg. The officers responded that there was nothing they could do because Medical had said the leg was not broken. (*Id.*)

Plaintiff was taken to the "hole" for fighting. He was not given any pain medication. He was forced to walk "over a mile or 2 miles," presumably to get to the "hole." (*Id.*) On October 31, 2013, a nurse came to Plaintiff's cell. She gave him some pain medication, at his request, and said that his leg appeared to be broken. The nurse asked Plaintiff why the staff had not ordered x-rays. (*Id.*)

2

Plaintiff was released from the "hole" on November 5, 2013. He was "forced to walk and push a cart with [his] property on it for over a mile or 2 miles on a broken leg." (*Id.*) Plaintiff signed up for sick call and an x-ray was performed, which showed that Plaintiff's right leg had a broken fibula. Defendant Anthony told Plaintiff that he would require surgery to put pins into his leg. (*Id.*)

Plaintiff was sent to Nashville to see Dr. Baker, who is not a party to this action, for surgery. For reasons that are not explained, Plaintiff says that he "refused surgery for now." (*Id.*) Baker told Plaintiff that, if he did not have the surgery, he would always have trouble with his leg. Plaintiff suffers from pains in his leg. (*Id.*)

Plaintiff seeks money damages and a reduction of his sentence from life imprisonment to ten years. (*Id.* at 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded

allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Id.* at 471 (citations and internal quotation marks omitted).

4

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The complaint contains no factual allegations against Defendants Lester and Schofield. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Defendants Lester and Schofield also cannot be held liable because of their respective positions as WTSP Warden and TDOC Commissioner. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum,

---

[1] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

> a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Defendants Lester and Schofield had any personal involvement in the events at issue.

The complaint does not allege any wrongdoing by Defendant Anthony. The only allegations about Anthony are that he examined Plaintiff after his release from the "hole" and advised Plaintiff that his leg was broken and would require surgery. Plaintiff was subsequently transferred to a hospital in Nashville for surgery. The complaint does not allege that Defendant Anthony was deliberately indifferent to Plaintiff's serious medical need or that his provision of medical services was deficient.

Even if Plaintiff were to prevail in this action, the Court could not order that his sentence be reduced. When a prisoner seeks to challenge the validity or duration of his confinement, his sole remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its

duration are the province of habeas corpus."). The only potential relief available to Plaintiff is money damages.

Therefore, the Court DISMISSES the complaint against Defendants Lester, Schofield and Anthony for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court also DISMISSES the complaint insofar as it seeks a sentence reduction pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Process will be issued for Defendants Chisholm, Dickerson and Pugh on Plaintiff's claims against them for deliberate indifference to a serious medical need. It is ORDERED that the Clerk shall issue process for Defendants Chisholm, Dickerson and Pugh and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Chisholm, Dickerson and Pugh pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendants Chisholm, Dickerson and Pugh and on any unrepresented Defendant. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[2]

---

[2] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

Plaintiff shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE