IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CYRUS RANDY WHITSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2696-JDT-cgc |
| | ) | |
| DONNA CHISHOLM, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION (ECF Nos. 18 & 20),
DENYING MOTION TO APPOINT COUNSEL (ECF No. 30)
AND DENYING MOTION TO AMEND COMPLAINT (ECF No. 33)

The *pro se* prisoner Plaintiff, Cyrus Randy Whitson, a Tennessee Department of Correction ("TDOC") inmate who is currently incarcerated at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 on September 10, 2014. (ECF No. 1.) At the time, Plaintiff was an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. (*Id.* at 2.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) On January 22, 2015, the Court issued an order dismissing portions of the complaint and directing that process be issued and served on the three remaining Defendants: Donna Chisholm, a Family Nurse Practitioner at the WTSP; WTSP Associate Warden Stanley Dickerson; and WTSP Inmate Relations

Coordinator William Pugh. (ECF No. 7.)[1] Defendants Chisholm and Dickerson filed an answer on June 1, 2015 (ECF No. 17), and a scheduling order was entered on August 10, 2015 (ECF No. 21).

On May 28, 2015, Plaintiff filed a motion for preliminary injunction. (ECF No. 18.) Defendants filed a response in opposition (ECF No. 19), and Plaintiff filed a reply which he styled as a "Motion in Opposition" (ECF No. 20). In his motion, Plaintiff asked the Court to require TDOC to re-issue him a crutch or a cane, which he asserts is needed to assist him in walking, and to enjoin Defendants from taking away the prosthetics without the approval of an outside physical therapist. (*Id.* at 1.) Plaintiff also asked that Defendants be enjoined from placing him on any type of protective custody during the pendency of this action; retaliating against him in any way for filing good faith grievances related to this case; transferring him to another facility during the pendency of this action; and allowing his court documents or legal mail to be delivered to him by other inmates. (*Id.*)

The Court finds that Plaintiff's request for a preliminary injunction is moot. First, in a motion to amend filed on March 7, 2016 (ECF No. 33), Plaintiff states that he was deprived of his crutches from July 30, 2014 to November 16, 2015, when they were given back to him. (*Id.* at 1.)[2] In addition, Plaintiff was transferred from the WTSP to the NECX in February

---

[1] Despite several attempts made by the U.S. Marshal, Defendant Pugh has not been served with process.

[2] In his motion to amend, Plaintiff alleges his crutches were discontinued on July 30, 2014 (ECF No. 33 at 1), but in the proposed amended complaint he states they were discontinued on February 25, 2015 (*id.* at 11). It appears the crutches may have been returned to him for a while and then discontinued a second time.

2

2016, and he has made no claim that the transfer was retaliatory in nature. (ECF No. 32.) *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Therefore, the motion for a preliminary injunction is DENIED.

Plaintiff filed a motion to appoint counsel on February 22, 2016. (ECF No. 30.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254,

3

256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel in this case. Nothing in Plaintiff's motion serves to distinguish this case from the many other cases filed by *pro se* prisoners who are not trained attorneys and who have limited access to legal materials. Therefore, the motion for appointment of counsel is DENIED.

As stated, on March 7, 2016, Plaintiff filed a motion to amend the complaint. (ECF No. 33.) Defendants filed a response in opposition. (ECF No. 34.) Plaintiff seeks to add two individuals as defendants, Nurse Chloe Mann and Nurse Practitioner Sandra Cox, both of whom saw Plaintiff in the WTSP medical department. The allegations against Mann concern events that occurred on October 30, 2013 (*id.* at 8-9), and the allegations against Cox involve her decision to discontinue his crutches on February 25, 2015 (*id.* at 11).

The one-year statutue of limitations applicable to Plaintiff's proposed claims against both Mann and Cox had expired at the time Plaintiff filed his motion to amend. *See* Tenn. Code Ann. § 28-3-104(a)(3).[3] However, Plaintiff contends these claims should relate back to the date of the original complaint. Federal Rule of Civil Procedure 15(c) provides:

> (1) When an amendment relates back. An amendment to a pleading relates back to the date of the original pleading when:

---

[3] The amended complaint was executed on March 1, 2016. (ECF No. 33 at 4.)

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party of the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In this case, Plaintiff's amendment does not relate back to the original complaint. Plaintiff is not seeking to "change" a party or the naming of a party, he seeks to add two entirely new parties. The Sixth Circuit has stated, "[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlow v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)); *see also Pariscoff v. Columbus City Police Dep't*, No. 2:14-cv-00855, 2015 WL 1476651, at *3 (S.D. Ohio Mar. 31, 2015).

Furthermore, even if the amendment could relate back to the date of the original complaint, the Court would deny Plaintiff's motion to amend. The scheduling order entered in this case provided that motions to amend or to join parties must be filed by November 9,

2015. (ECF No. 21 at 1.) Plaintiff's motion was not filed until four months after that deadline. However, he has not even acknowledged the tardiness of his motion to amend, let alone attempted to show good cause for the delay, possibly because he cannot do so. Plaintiff concedes in his motion that he learned about the roles played by Mann and Cox when he received Defendants' June 9, 2015, response to the motion for preliminary injunction. (ECF No. 33 at 3.) While any claim against Mann had already expired at that point, the claim against Cox had not; yet, Plaintiff failed to file a timely motion to amend.

Plaintiff's proposed claims against Mann and Cox are barred by the applicable statute of limitations, and the amendment does not relate back to the original complaint under Rule 15(c)(1). In addition, Plaintiff has not shown good cause for his failure to seek leave to amend within the deadline established by the scheduling order. Therefore, the motion to amend is DENIED.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE